UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIPP ARON WOODS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHANNON LESLIE MARTIN, et al.,<br><br>　　　　Defendants. | CASE No. 1:13-cv-01621-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING THIS ACTION WITHOUT LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

　　Plaintiff, Kipp Aron Woods is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint in this action on October 9, 2013. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

　　A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction having subject matter-jurisdiction only over matters authorized by the United States Constitution or Congress. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). In order to have subject matter jurisdiction, the claims raised in a complaint must involve a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332. In the complaint, Plaintiff alleges that on January 19, 2012, Defendant Martin, his ex-wife, intended to inflict injury on him by pointing a gun at him and firing it. Additionally, Plaintiff claims that on March 11, 2012, Defendants Martin and Dong attempted to have him murdered. Plaintiff seeks damages for personal injury, loss of two years of liberty, and emotional distress.

To the extent that Plaintiff is attempting to bring this action under 28 U.S.C. § 1983, liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). "The United States Constitution protects individual rights only from government action, not from private action." Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original). "Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated." Single Moms, Inc., 331 F.3d at 746-47 (citing Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S. Ct. 924, 930 (2001)) (emphasis in original).

Plaintiff has not alleged any claims that raise a federal cause of action, nor are they based upon diversity of citizenship. The Court recommends that this action be dismissed, without leave to amend, for failure to state a claim.

## III.

## CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's complaint fails to state a claim upon which relief can be

granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the Court HEREBY RECOMMENDS that this action is be DISMISSED, without leave to amend, for failure to state a claim.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **October 11, 2013**

UNITED STATES MAGISTRATE JUDGE