UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIPP ARON WOODS,<br><br>  Plaintiff,<br><br>  v.<br><br>SHANNON LESLIE MARTIN, et al.,<br><br>  Defendants. | CASE No. 1:13-cv-01621-AWI-SAB<br><br>ORDER PARTIALLY ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN DEFENDANTS AND GRANTING PLAINTIFF'S REQUEST TO FILE AMENDED COMPLAINT<br><br>(ECF No. 4, 5, 6)<br><br>THIRTY-DAY DEADLINE |

Plaintiff, Kipp Aron Woods is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff filed a Complaint in this action on October 9, 2013. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 11, 2013, the Magistrate Judge filed a Findings and Recommendation which was served on Plaintiff and which contained notice that any objections to the Findings and Recommendation were to be filed within thirty days. On October 24, 2013, Plaintiff filed Objections and a Request for Leave to Amend. (ECF Nos. 5, 6.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of this case. Having carefully reviewed the entire file, the Court adopts the findings and recommendations in part and declines to adopt in part for the reasons set forth below.

In his Objections and Request for Leave to Amend, Plaintiff states that he was unaware that he could not bring a section 1983 claim against an individual party and he is requesting leave

to amend the caption of the complaint to name the correct government entity.  Plaintiff appears to misunderstand the magistrate judge's Findings and Recommendations.

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000).  "The United States Constitution protects individual rights only from government action, not from private action." Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original).  Since Plaintiff's ex-wife and Mr. Dong are not proper defendants in an action under section 1983, they will be dismissed from this action.

Further, "[t]he Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007).  However, the Eleventh Amendment does not bar suits seeking damages from public officials acting in their personal capacities. Hafer v. Melo, 502 U.S. 21, 30 (1991).  "Personal-capacity suits . . . seek to impose individual liability upon a government officer for actions taken under color of state law." Id. at 25.  In order to state a claim under section 1983, Plaintiff must name defendants who are acting under color of state law and link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Finally, when a prisoner is challenging the legality or duration of his custody and the relief he seeks is immediate or speedier release, his sole federal remedy is habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S. Ct. 1827, 1841 (1973).  To the extent that Plaintiff is attempting to challenge his conviction and sentence, he may not bring the action under section 1983, but must file a habeas petition.

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of the parties' pleadings.  "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  The Court will grant Plaintiff the opportunity to file an amended complaint to cure the deficiencies in his Complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed October 11, 2013, is ADOPTED IN PART;
2. Defendants Martin and Dong are DISMISSED from this action for Plaintiff's failure to state a claim against them under section 1983;
3. Plaintiff's complaint filed October 9, 2013, is DISMISSED with leave to amend;
4. Within thirty days from the date of service of this order, Plaintiff may file an amended complaint;
5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim; and
6. This action is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated:  December 18, 2013

SENIOR DISTRICT JUDGE