UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIPP ARON WOODS,<br><br>    Plaintiff,<br><br>v.<br><br>SHANNON LESLIE MARTIN, et al.,<br><br>    Defendants. | CASE No. 1:13-cv-01621-AWI-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSING THIS ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 8)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

Plaintiff, Kipp Aron Woods is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. Plaintiff filed a complaint in this action on October 9, 2013. (ECF No. 1.) On October 11, 2013, the undersigned screened Plaintiff's complaint and issued findings and recommendations recommending this action be dismissed for failure to state a claim. (ECF No. 4.) Plaintiff filed objections to the findings and recommendations on October 24, 2013. On December 12, 2013, District Judge Anthony Ishii adopted in part the findings and recommendations. Plaintiff was granted thirty days in which to file an amended complaint. (ECF No. 7.) On January 17, 2014, Plaintiff filed a first amended complaint. (ECF No. 8.)

The Court recommends that Plaintiff's first amended complaint be dismissed, with prejudice, for failure to state a cognizable claim under section 1983.

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## II.

## FIRST AMENDED COMPLAINT ALLEGATIONS

Plaintiff brings his first amended complaint against Fresno County District Attorney Elizabeth Egan and Fresno County Public Defender Kenneth Taniguchi alleging violations of the Eighth and Fourteenth Amendments. Plaintiff states that on January 19, 2012, Shannon Martin made death threats toward Plaintiff while holding him at gunpoint and discharged a gun toward him. Ms. Martin was arrested. (Am. Compl. 4, ECF No. 8.)

On January 24, 2012, Plaintiff contends that the District Attorney's Office ordered the release of Ms. Martin. Plaintiff alleges that the Defendants knew of Ms. Martin's previous history of domestic violence and that she had confessed that she had aimed her gun at Plaintiff, stated she was going to kill him, and then fired at him. Plaintiff claims that by releasing Ms. Martin back into society, Defendants placed his life in danger; and Ms. Martin subsequently assaulted him again on March 11, 2012. (Id.)

Plaintiff seeks monetary damages and injunctive relief for the arrest and prosecution of Ms. Martin. (Id. at 5.)

## III.

## DISCUSSION

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen

Case 1:13-cv-01621-AWI-SAB   Document 11   Filed 01/27/14   Page 3 of 4

v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). "The United States Constitution protects individual rights only from <u>government</u> action, not from <u>private</u> action." Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746 (9th Cir. 2003) (emphasis in original). Further, government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S. Ct. at 1948.

Plaintiff names Fresno County District Attorney Elizabeth Egan and Fresno County Public Defender Kenneth Taniguchi as Defendants in this action. However, prosecutors are immune from liability under 42 U.S.C. § 1983. See Imbler v. Pactman, 424 U.S. 409, 427 (1976); see also Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 922 (9th Cir.2004) ("Absolute immunity is generally accorded to judges and prosecutors functioning in their official capacities"); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir.1986) (holding that judges and prosecutors are immune from liability for damages under section 1983). Where a prosecutor acts within his authority " 'in initiating a prosecution and in presenting the state's case,' absolute immunity applies."[1] Ashelman, 793 F.2d at 1076 (quoting Imbler, 424 U.S. at 431). The district attorney is entitled to absolute immunity for actions taken in the prosecution of Ms. Martin.

Additionally, it is well established that court appointed attorneys are not state actors. Polk v. Dodson, 454 U.S. 312, 325, 102 S. Ct. 445, 453 (1981) (a court appointed attorney representing an indigent client does not act under color of state law when performing the traditional functions of a lawyer); Miranda v. Clark County of Nevada, 319 F.3d 465, 468 (9th Cir. 2003) (upholding dismissal of complaint on basis that public defender was not acting on behalf of county for purposes of section 1983 in representing plaintiff's interests); Hall v. Quillen, 631 F.2d 1154, 1156 (4th Cir. 1980) (court appointed attorney representing plaintiff in involuntary commitment proceedings is not a state actor); Harkins v. Eldredge, 505 F.2d 802, 805 (8th Cir. 1974) (the conduct of an attorney, whether retained or appointed, does not constitute action under color of state law). Plaintiff cannot state a cognizable claim against the public defender because an attorney does not act under color of law when representing an indigent client.

---

[1] In this circumstance, it is unclear from Plaintiff's amended complaint whether the prosecutor declined to file charges or whether Ms. Williams was released by the court during a court appearance. However, in either circumstance, the prosecutor would be immune from liability.

3

## IV.

## CONCLUSION AND RECOMMENDATIONS

The Court finds that Plaintiff's complaint fails to state a claim upon which relief can be granted under section 1983. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend 'shall be freely given when justice so requires,'" Fed. R. Civ. P. 15(a), and "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect," Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted). However, the Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the Court HEREBY RECOMMENDS that this action is be DISMISSED, with prejudice, for failure to state a claim.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, Plaintiff may file written objections to these findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **January 27, 2014**

UNITED STATES MAGISTRATE JUDGE